*858 OPINION.
Phillips :
The petitioner has abandoned its appeal from the Commissioner’s determination in regard to reduction of invested capital.
Petitioner’s sole contention is that it should be allowed to deduct from its gross income for the years 1919 and 1920 the amounts set up on its books in those years as a reserve for bonuses to be paid to its employees. The -respondent takes the position that no liability for any bonus in excess of that paid was incurred during the taxable years and that only the amount paid may be deducted. The Revenue *859 Act in section 214(a) (1) provides for the deduction of the amounts paid or incurred.
Upon the hearing the petitioner’s president and manager testified that the bonus set aside was payable to the employees for the year in which the reserve was set up, whether or not they remained in the employ of petitioner at the time payment was made. On the other hand petitioner’s bookkeeper testified that the understanding with the employees was that they would receive a part of the bonus set aside only if they remained with the company in the succeeding year. The testimony of the bookkeeper is supported by the treatment made of the bonus. Employees shared in the bonus only if they were in the employ of petitioner when payment was made. Furthermore, while the amount of the reserve set up was based on the payroll of the year when so set up, payments in the succeeding year were not based thereon but upon the salary of the employee in the year of payment.
The reserve set up bore no definite relationship to the amounts which were to be paid, either to the individual employees or as an aggregate. An employee for a portion of 1919 was paid a full ten per cent of his 1920 salary, while one who was employed during all of the year 1919 but left before June, 1920, received none. The 1920 pay roll was greater than that of 1919, consequently the reserve set up at the end of 1919 was insufficient by approximately 25 per cent. On the other hand the reserve set up in 1920 was excessive and w7as not all paid in 1921. In such circumstances it is our opinion that the amounts paid related as much to the year of payment as they did to the year when the reserve was set up. Conceding that the company looked to the profits of the year when the reserve was set up to determine whether any bonus would be paid in the succeeding year, and the percentage that could be paid, it is still difficult to conceive how it can be said that a liability was incurred for the amount set up as a reserve, for such amount was not payable in any event but only upon the basis of services still to be performed. The employees had not yet performed all of the services required of them before this bonus was due to them. The amount set aside was in truth a reserve to meet a future liability and did not represent a present liability.
The instant case is to be distinguished from other decisions of the Board, relied upon by petitioner, where additional compensation became payable by reason of services performed before the close of the taxable year, with no requirement for future services. Canton Art Metal Co. v. Commissioner, 6 B. T. A. 446; Appeal of Washington Hotel Co., 4 B. T. A. 441; Appeal of American Express Co., 2 B. T. A. 498. The situation here in that respect is similar to that *860 presented in Commercial Electrical Supply Co. v. Commissioner, 8 B. T. A. 986. We are of the opinion that the liability for these bonuses was incurred in the years when paid and that they constitute an expense of the business of such years.

Decision will l>e entered for the respondent.